IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRYCE JOHNSON, #290470,           )
                                  )
        Plaintiff,                )
                                  )
    v.                            )   CIVIL ACTION NO. 2:14-CV-796-WHA
                                  )            [WO]
                                  )
ROBERT BENTLEY, et al.,           )
                                  )
        Defendants.               )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on August 6, 2014, challenging the

conditions of confinement to which he is subjected at the Decatur Work Release Facility.

Plaintiff also complains that any funds correctional officials deduct from his work release

earnings in excess of 40% violates state law and, thereby, his federal constitutional rights to

due process.[1]  However, upon initiation of this case, Plaintiff did not file the $350 filing fee

and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis*,

nor did he submit an original affidavit in support of a motion for leave to proceed *in forma*

*pauperis* accompanied by the required documentation from the inmate account clerk.  Thus,

---

[1]Ala. Code § 14-8-6 provides, in pertinent part, as follows:

The employer of an inmate involved in work release shall pay the inmate's wages directly to the
Department of Corrections.  The department may adopt regulations concerning the disbursement of
any earnings of the inmates involved in work release.  The department is authorized to withhold
from an inmate's earnings the cost incident to the inmate's confinement as the department shall
deem appropriate and reasonable.  In no event shall the withheld earnings exceed 40 per cent of the
earnings of the inmate.  After all expenses have been deducted by the department, the remainder of
the inmate's earnings shall be credited to his or her account with the department....

the court did not have the information necessary to determine whether Plaintiff should be

allowed to proceed *in forma pauperis* in this case and therefore entered an order requiring

that Plaintiff provide the court with this information on or before August 26, 2014.  *Order*

*of August 13, 2014 - Doc. No. 3* at 1-2.  The court specifically cautioned Plaintiff that failure

to comply with this order would result in a recommendation that this case be dismissed.  *Id*.

at 2.

As of the present date, Plaintiff has filed nothing in response to the aforementioned

order. The court therefore concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be dismissed without prejudice for Plaintiff's failure to file the requisite fees or provide the

court with financial information in compliance with the order of this court.  It is further

ORDERED that on or before September 23, 2014, the parties may file objections to

the  Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections

will not be considered by the District Court. The parties are advised that this

Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a de novo determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 9th day of September, 2014.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE